UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
RYAN MACKEY, :
: **ORDER AND OPINION**
Plaintiff, : **DENYING MOTION TO**
-against- : **DISMISS AMENDED**
: **COMPLAINT**
NEW YORK LIFE INSURANCE COMPANY :
as successor in interest to LIFE INSURANCE : 22 Civ. 7072 (AKH)
COMPANY OF NORTH AMERICA, :
:
Defendant. :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff Ryan Mackey ("Plaintiff") filed this suit against New York Life Insurance Company ("New York Life," or "Defendant"), identified in the Amended Complaint as "successor in interest to Life Insurance Company of North America," challenging a denial of health care benefits under an ERISA-governed plan established and maintained by his employer (the "Plan"). *See* Amended Complaint, ECF No. 10.  Mackey stopped working in June 2020 due to an array of medical conditions, and now alleges that New York Life wrongfully denied the disability benefits to which he was entitled under the Plan. *Id.* ¶¶ 29, 54.  He seeks $92,215.50 in long term disability benefit payments as well as attorney fees and costs. *Id.* ¶¶ 55-56.

    Defendant moves to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6).  Defendant argues that Plaintiff's claims against New York Life fail because Plaintiff's policy was issued by Life Insurance Company of North America ("LINA"), not New York Life.  Defendant contends that the factual allegations against New York Life are "'threadbare' at best," and that Plaintiff has not alleged facts sufficient for the Court to

1

reasonably conclude that Defendant could be responsible for the benefits payable by its subsidiary.

I find Defendant's arguments unconvincing. The parties do not dispute that LINA, not New York Life, issued the group disability policy at issue. Indeed, Mackey appended the LINA policy to his Amended Complaint. *See* Ex. A to the Amended Complaint ("LINA Policy"), ECF No. 10-1. However, Mackey contends that after its acquisition of Cigna's group insurance business in December 2020, New York Life, not LINA, exercised total control over the benefit determination process on the Plan, including benefit determinations for Mackey's claim. Specifically, the Amended Complaint contains the following allegations:

- New York Life "administered [Mackey]'s disability claim, reviewed all evidence on appeal, and made the final claim decision" after it acquired Cigna's group insurance business. Amended Complaint, ¶ 6.
- New York Life "made benefits determinations under the group policy it issued, including the determination made on Plaintiff's claim." *Id.* ¶ 13
- "On April 12, 2022, [New York Life] upheld its original decision and denied [Mackey]'s appeal, stating the evidence submitted with the appeal did not support the presence of ongoing functional impairment beyond June 17, 2020." *Id.* ¶ 46
- New York Life "has refused to pay the benefits sought by Mackey and as grounds for such refusal has alleged that Plaintiff does not meet the definition of disability in the Plan." *Id.* ¶ 47.

In considering the motion to dismiss the Amended Complaint, I am bound to "accept[] all of the complaint's factual allegations as true and draw[] all reasonable inferences in

the plaintiff's favor." *See Katz v. Donna Karan Co. Store, L.L.C.*, 872 F.3d 114, 118 (2d Cir. 2017). I find that the above allegations regarding New York Life's role as decision-maker for the Plan, taken as true, are sufficient "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Accordingly, Defendant's motion is denied.[1]

The Clerk of the Court shall terminate ECF No. 19. The parties shall appear for an Initial Case management Conference on February 24, 2023, at 10:00 a.m., to further regulate proceedings.

SO ORDERED.

Dated:  January 31, 2023
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[1] I take note of the fact that Plaintiff filed his original Complaint in August 2022, asserting his claims against LINA as the sole defendant. *See* Complaint, ECF No. 1. The parties do not appear to dispute that the original Complaint was likely destined to fail because LINA, a Pennsylvania corporation not licensed to transact business in New York, cannot be considered to "reside" or "be found" in New York. *See* 29 U.S.C. §1132(e)(2). The Amended Complaint is virtually identical to the original, with the only substantive difference being the substitution of LINA as Defendant to New York Life "as successor in interest" to LINA. While I am bound to accept the factual allegations of the Amended Complaint as true, Plaintiff's simple substitution of LINA with New York Life gives me pause. If discovery reveals that New York Life in fact played no significant role in the administration of Mackey's claims, this case will be ripe for summary judgment in favor of Defendant, and costs will be awarded.