UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
RYAN MACKEY,                                                   :

       Plaintiff,                                          :   Case No. 1:22-cv-07072 (AKH)

       -against-                                          :

NEW YORK LIFE INSURANCE COMPANY as                             :
successor in interest to LIFE INSURANCE COMPANY
OF NORTH AMERICA,                                              :

       Defendant.                                          :
-------------------------------------------------------------- x

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by undersigned counsel for all parties in this action, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

**1.    Scope of Protection**

This Protective Order shall govern any record of information produced by a party or a non-party in connection with this litigation and designated pursuant to this Protective Order, including all designated deposition testimony (if any), all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this litigation pursuant to required disclosures in the litigation or any supplementary disclosures thereto.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

2.  **Definitions**

The term CONFIDENTIAL INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as "CONFIDENTIAL" by the producing party.

3.  **Designation of Information**

Documents and things produced or furnished during the course of this litigation shall be designated as containing CONFIDENTIAL INFORMATION, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL

A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION by requesting the reporter to so designate the transcript at the time of the deposition.

A producing party shall designate its discovery responses, responses to requests for admission, and all other papers sent to opposing counsel as containing CONFIDENTIAL INFORMATION when such papers are served or sent.

A party shall designate information disclosed at trial as CONFIDENTIAL INFORMATION by requesting the Court, at the time the information is proffered or adduced (or at such other time as the Court directs), to receive the information under seal.

The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is CONFIDENTIAL INFORMATION, rather than the entire document or deposition.

4. **Use and Disclosure of CONFIDENTIAL INFORMATION**

Information that has been designated CONFIDENTIAL shall be used only for purposes of this litigation and for no other action, and shall not be used for any business or other commercial purpose.

Information that has been designated CONFIDENTIAL shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this litigation and for no other action, and shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated Confidential shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

All documents, including attorney notes and abstracts, which contain another party's CONFIDENTIAL INFORMATION, shall be handled as if they were designated pursuant to paragraph 3.

5. **Qualified Recipients**

For purposes of this Order, the term Qualified Recipient means

a. Outside counsel of record for any party in this litigation, as well as employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and hearing of this litigation;

b. Representatives, officers, or employees of a party as necessary to assist outside counsel in the preparation and hearing of this litigation, but they are not Qualified Recipients of CONFIDENTIAL-ATTORNEYS' EYES ONLY material;

c. Witnesses who testify by deposition or at trial who, if not a representative, officer, or employee of a party, shall be advised about the terms of this Order and that such Order is applicable to them in connection with their testimony and do not retain copies of CONFIDENTIAL INFORMATION;

3

d. Persons who were authors or recipients of the CONFIDENTIAL INFORMATION or previously had legal access to CONFIDENTIAL INFORMATION;

e. Expert witnesses, or consultants engaged by a party to assist with the preparation and hearing of this litigation provided such expert or consultant agrees in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

f. Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

g. Stenographers and videographers engaged to transcribe or record depositions conducted in this litigation provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order; and

h. The Court and its support personnel.

**6. Nonparties**

Any nonparty who produces documents or other information in response to discovery requests or subpoenas in this litigation shall be entitled to the benefits and protections of this Order and shall be entitled to seek additional protections.

The parties agree that they will treat CONFIDENTIAL INFORMATION produced by nonparties according to the terms of this Order.

Nonparties may challenge the confidentiality of CONFIDENTIAL INFORMATION by filing a motion to intervene and a motion to de-designate.

**7. Filing of CONFIDENTIAL INFORMATION**

Any CONFIDENTIAL INFORMATION which becomes part of an official judicial proceeding or which is filed with the Court is public. Such CONFIDENTIAL INFORMATION will be sealed by the Court only upon motion and in accordance with applicable law and rules, including the Individual Rules of The Honorable Alvin K. Hellerstein. This Protective Order does not provide for the automatic sealing of such CONFIDENTIAL INFORMATION.

4

Filing pleadings or other papers disclosing or containing CONFIDENTIAL INFORMATION does not waive the designated status of the material. The Court will determine how CONFIDENTIAL MATERIAL will be treated during trial and other proceedings as it deems appropriate.

### 8. Inadvertent Failure to Designate

In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 3, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

### 9. Inadvertent Disclosure

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

### 10. Challenge to Designation

At any time after the delivery of CONFIDENTIAL INFORMATION, counsel for the party receiving the CONFIDENTIAL INFORMATION may challenge the designation of all or

any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the CONFIDENTIAL INFORMATION. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party receiving the CONFIDENTIAL INFORMATION shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the CONFIDENTIAL INFORMATION. Thereafter, the party disclosing or producing the CONFIDENTIAL INFORMATION shall have ten days from the date of certification to file a motion for protective order with regard to any CONFIDENTIAL INFORMATION in dispute. The party producing the CONFIDENTIAL INFORMATION shall have the burden of establishing that the disputed CONFIDENTIAL INFORMATION is entitled to confidential treatment. If the party producing the CONFIDENTIAL INFORMATION does not timely file a motion for protective order, the CONFIDENTIAL INFORMATION in dispute shall no longer be subject to confidential treatment as provided in this Order. All CONFIDENTIAL INFORMATION is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of designated CONFIDENTIAL INFORMATION is entitled to confidential treatment.

### 11. Conclusion of Action

At the conclusion of this litigation, including any subsequent appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

**12. Jurisdiction to Enforce Protective Order**

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

**13. Modification of Protective Order**

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order.

**14. Inadvertent Production of Privileged Information**

Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production.

When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.

Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

### 15. Confidentiality of Party's Own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

### 16. Compulsory Disclosure to Third Parties

If any receiving party is subpoenaed in another action or proceeding or is served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks CONFIDENTIAL INFORMATION of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for

8

complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**17. Binding Effect**

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

ENTER. 3-20-23

_____
U.S.D.J. / U.S.M.J

STIPULATED TO:

Dated: March 10, 2023

**ROBINSON & COLE LLP**

By: _____
Patrick W. Begos
1055 Washington Boulevard
Stamford, CT 06901
Tel. No.: (203) 462-7500
Email: pbegos@rc.com

*Attorneys for New York Life Insurance Company*

**TUCKER DISABILITY LAW P.A.**

By: _____
John V. Tucker
5232 16th Street North
St. Petersburgh, FL 33706
Tel No.: 727-571-5000
Email: tucker@tuckerdisability.com

*Attorneys for Plaintiff*

9

# Appendix A

## PROTECTIVE ORDER UNDERTAKING

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this litigation. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order and agree to be bound by the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this litigation any CONFIDENTIAL INFORMATION or information designated as "Confidential" that is disclosed to me.

4. Promptly upon termination of the relevant action, I will either return in full to the outside counsel for the party by whom I am employed or completely destroy all documents and things designated as "Confidential" that came into my possession and all documents and things that I have prepared relating thereto.

5. I understand that the obligations of this undertaking and the provisions of the Protective Order continue past the termination of the litigation.

6. I hereby submit to the authority of the Arbitrator for the purpose of enforcement of the Protective Order in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____